**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ELLIOT MCGUCKEN,<br><br>　　　　　　　Plaintiff,<br><br>　　　v.<br><br>TRITON ELECTRIC VEHICLE LLC, a New Jersey Limited Liability Company, individually and doing business as "Triton EV",<br><br>　　　　　　　Defendant. | Case No. CV 21-3624-DMG (GJSx)<br><br>**ORDER RE PLAINTIFF'S MOTION FOR SUMMARY ADJUDICATION** |

　　　　Before the Court is Plaintiff Elliot McGucken's Motion for Summary Adjudication ("MSJ") as to Defendant Triton Electric Vehicle, LLC's ("Triton") liability for copyright infringement. [Doc. # 19.] The motion is fully briefed. [Doc. ## 20 ("Opp."), 21 ("Reply").]¹ The Court held a hearing on March 18, 2022. Having duly considered the parties' arguments, the Court **GRANTS in part** and **DENIES in part** McGucken's MSJ.

---

¹ On March 17, 2022, after the close of briefing, Triton filed a Supplement to its Opposition, which consisted of four pages of images without commentary. [Doc. # 23.] On March 18, 2022, McGucken filed a response, asking the Court to strike Triton's Supplement. [Doc. # 24.] It is not the Court's practice

-1-

# I.

# FACTUAL AND PROCEDURAL BACKGROUND

Elliot McGucken is a photographer. His work has been published in magazines and displayed in galleries, and he has won awards for his photographs. SUF 1-2.[2] He has previously licensed "buyouts" of his photographs for $15,000. SUF 9. In 2013, McGucken created an original photograph entitled *Dirt Road Running West, Malibu Canyons* (the "Photograph"), which he exhibited at a gallery in November 2013. SUF 3-4, 24. McGucken also featured the Photograph on his website around the same time, and on his Flickr page on November 13, 2013 and November 15, 2013. SUF 6.[3] McGucken's website and Flickr pages displayed a copyright notice and designated McGucken as the Photograph's author. *Id*. McGucken never published the image online anywhere except his own website and Flickr page. SUF 7.

On January 23, 2018, McGucken received a copyright registration for 103 photographs, including one entitled *Dirt Road Running West, Malibu Canyons*, with registration number VA0002121720. SUF 8; *see also* McGucken Decl. ¶ 4 [Doc. # 19-1]; *id*. at Ex. 3 [Doc. # 19-4].[4] McGucken says this registration is for the Photograph. *Id*. at ¶

---

to accept supplemental filings after the close of briefing, especially when the filings have no commentary or authentication. The Court therefore has not considered Triton's Supplement or McGucken's Response in reaching its decision. But even if the Court had considered these filings, they would not have altered the rulings contained herein.

[2] The summarized facts are uncontroverted, unless otherwise stated. Facts are drawn from McGucken's Statement of Undisputed Facts ("SUF") and Triton's Additional Material Facts ("DSUF"), as set forth in McGucken's Reply [Doc. # 21-9]. The Reply Statements contain the parties' responses and sur-responses, which are incorporated in the Court's citations. The Court has reviewed the entire record, but only discusses the uncontroverted material facts that are necessary to or affect its analysis.

The Court has reviewed the parties' evidentiary objections. To the extent the Court does not address any of them, it is because the Court did not rely on the objected-to evidence in reaching its ruling. Any objections to such evidence are **OVERRULED** as moot.

[3] Flickr is an online photo management and sharing application. *See* Flickr, *About Flickr*, https://www.flickr.com/about (last visited Mar. 15, 2022).

[4] Triton objects to several statements in McGucken's declaration on the basis that they are inaccurate. Triton's Evid. Objections at 2 [Doc. # 20-25]. As discussed herein, Triton has not adduced

4. The Photograph is posted on McGucken's Flickr page with the caption "Malibu Canyons Malibu Creek State Park River Firery [sic] Clouds Sunset! Epic High Resolution Malibu Sunset! Fine Art Landscape & Nature Photography: Light Beams & Dr. Elliot McGucken Epic Fine Art! : Nikon AF-S NIKKOR 14-24mm f/2.8G ED." The Flickr date stamp says it was taken on April 1, 2012. Adli Decl., Ex. 3 [Doc. # 20-4]. Elsewhere, the Photograph is posted on McGucken's Flickr page without a caption. *Id*., Ex. 4 [Doc. # 20-5].[5] A similar photograph (depicting the same road, also apparently at sunset, from a slightly different angle) is posted on McGucken's Flickr page with the caption "Malibu Canyons California Dirt Road Sunset! Epic High Resolution Fine Art Landscape Photography -- Nikon D800 ! Fine Art Landscape & Nature Photography: Light Beams & Dr. Elliot McGucken Epic Fine Art!! Nikon AF-S NIKKOR 14-24mm f/2.8G ED Wide Angle Lens!" The Flickr date stamp says it was taken on March 28, 2012. *Id*., Ex. 5 [Doc. # 20-6].[6]

Himanshu Patel is the founder and CEO of Triton, which sells electric vehicles. DSUF 1, 3. Patel is responsible for Triton's day-to-day operations. DSUF 4. Patel found the Photograph by searching on Google, right clicked, and saved it. SUF 14, 30; DSUF 5; *see also* Burroughs Decl., Ex. 8 (Patel Depo.) at 13:21-23, 14:3-14 [Doc. # 19-10]; Patel Decl. ¶ 5. Patel does not remember the exact date. DSUF 10. Patel does not remember on what site he found the Photograph. SUF 32. Patel used a rendering software called KeyShot to superimpose an image of a car in the Photograph. SUF 13; DSUF 8. The

---

admissible evidence to show that the statements are genuinely controverted. To the extent Triton asserts the statements in paragraphs 3, 4, and 8 are inadmissible under the Federal Rules of Evidence, it is unclear what Triton's evidentiary objection is. Triton's objection is therefore **OVERRULED**.

[5] McGucken objects that this caption is hearsay. *See* McGucken's Evid. Objections at ¶ 3. Triton does not seek to use this caption to show that the image actually shows Malibu Creek State Park or clouds at sunset, but rather to show that McGucken has appended a different title to the image than what McGucken asserts is the image's title. Moreover, to the extent this caption constitutes a "statement," it is McGucken's own. *See* Fed. R. Evid. 801(d)(2). McGucken's objection is therefore **OVERRULED**.

[6] McGucken objects that the caption appended to this photograph is hearsay. For the same reasons discussed in footnote 4, *supra*, this objection is **OVERRULED**.

edited image (the "Car Picture") was posted on Triton's website for use in marketing Triton's Model H electric vehicle. SUF 11, 12, 15, 18; DSUF 8. Neither Patel nor anyone else at Triton sought or received permission or a license to use the Photograph. SUF 10, 19. Patel did not even know he needed permission. Patel Depo. at 15:18-20. There was no watermark or copyright insignia on the Photograph and it was readily downloadable without restrictions. DSUF 7. Patel saved the Photograph thinking it was free. DSUF 21. Patel's formal education ended in 11th grade, and his understanding is that the way to determine if an image is subject to copyright protection is to look for a watermark, a copyright insignia, or a mechanism to require payment before download. DSUF 19, 20. At least six websites identified by Triton's counsel purport to offer the Photograph for free download, without copyright notices: wallpaperaccess.com, wallpaper.dog, wallpapersbook.com, wallpapercave.com, cutewallpaper.org, and wallpapersbook.com. DSUF 15; *see also* Adli Decl., Exs. 11-17 [Doc. ## 20-12, 20-13, 20-14, 20-15, 20-16, 20-17].[7]

The Triton website went live sometime in 2019 or 2020. Patel Depo. at 16:8-18. The Internet Archive's Wayback Machine shows the Car Picture first appeared sometime between May 7, 2020 and May 16, 2020. DSUF 11; *see also* Adli Decl., Ex 6 (showing the Car Picture on May 16, 2020) [Doc. # 20-7], Ex. 7 (showing a different picture on May 7, 2020) [Doc. # 20-8].[8]

On July 13, 2020, McGucken sent Triton a cease-and-desist letter, instructing Triton to stop using the Photograph and seeking information regarding Triton's use of the Photograph. DSUF 9; *see also* Burroughs Decl., Ex. 10 at 4-7 [Doc. # 19-12]. After Triton received McGucken's cease and desist letter, Patel's attorney advised Patel to remove the

---

[7] McGucken objects to these websites on the basis that (1) statements contained therein are hearsay, (2) the websites have been improperly authenticated, and (3) it is irrelevant. McGucken's Evid. Objections at ¶¶ 8-15. These objections are addressed *infra*.

[8] McGucken objects that anything displayed on the Wayback Machine has not been properly authenticated and is hearsay. McGucken's Evid. Objections at ¶¶ 5, 6. This objection is discussed *infra*.

Car Picture. DSUF 9; Burroughs Decl., Ex. 10 at 1; Patel Depo. at 17:15-20. Patel says Triton removed the Car Picture from Triton's website and "wherever we found" it, and told everybody not to use it. Patel Depo. at 17:23-25, 18:6-8. The Wayback Machine shows the Car Picture is absent from Triton's homepage as of July 22, 2020. Adli Decl., Ex. 9 [Doc. # 20-10]. Patel and Triton otherwise ignored the letter, in accordance with instructions from counsel. Patel Depo. at 18:1-5; Burroughs Decl., Ex. 10 at 2 [Doc. # 19-12]. Although the Car Picture is no longer featured prominently on Triton's website, it is still available on a secondary page dedicated solely to the image. SUF 22; *see also* Burroughs Decl., Ex. 12 [Doc. # 19-14].[9]

McGucken filed his Complaint in this Court on April 28, 2021, asserting claims against Triton for direct and vicarious and/or contributory copyright infringement. Compl. [Doc. # 1].[10] Triton filed its Answer on May 28, 2021, asserting 26 affirmative defenses, including innocent infringement and lack of willful infringement. Answer [Doc. # 11]. The parties engaged in discovery. Triton's document production consisted of seven pages of documents. SUF 36. On February 11, 2022, McGucken filed the instant MSJ.

## II.
## EVIDENTIARY OBJECTIONS

### A. "Taken On" Date

McGucken's Flickr page features pictures also taken by McGucken of the gallery exhibition at which the Photograph was offered for sale. McGucken's Flickr page states the pictures of the exhibition were "taken on January 1, 2011." *See* Adli Decl., Ex. 1 [Doc.

---

[9] Triton objects to McGucken's use of the secondary page as evidence of continued infringement on the basis that WordPress, which hosts Triton's website, automatically archives all images uploaded to a user's WordPress server. Triton's Evid. Objections at 3. The Ninth Circuit recently held that a similar use constitutes "display" of a work under the Copyright Act. *See Bell v. Wilmott Storage Services, LLC*, 12 F.4th 1065, 1073 (9th Cir. 2021). To the extent Triton asserts McGucken's evidence is inadmissible, the basis for Triton's objection is unclear, and the objection is therefore **OVERRULED**.

[10] McGucken does not discuss his vicarious and/or contributory infringement claims in his MSJ.

# 20-2], Ex. 2 [Doc. # 20-3]. McGucken objects to this evidence on the basis that the "taken on January 1, 2011" statement is hearsay. McGucken's Evid. Objections ¶ 1. The parties agree the "taken on" date included on Flickr is automatically populated based on the date of capture reflected in a camera's EXIF data. *See* Opp. at 13; Suppl. McGucken Decl. ¶ 9; *see also* Flickr, *EXIF data FAQ*, https://www.flickrhelp.com/hc/en-us/articles/4404078521108-EXIF-data-FAQ (last visited Mar. 15, 2022). Because the "taken on" date is automatically populated, this data would ordinarily fall under the hearsay exception for records of a regularly conducted activity. *See* Fed. R. Evid. 803(6). McGucken explains, however, that he does not set the clock on the camera he used to take this photograph. McGucken Supp. Decl. ¶¶ 8-9 [Doc. # 21-1]. Because the internal clock must be set correctly for the "taken on" date to accurately reflect the date a photo was taken, and McGucken does not set the clock on his camera at all, McGucken has shown that the method of preparation of this data indicates a lack of trustworthiness. *See* Fed. R. Evid. 803(6)(E). McGucken's objection is therefore **SUSTAINED**.

B.   **Wayback Machine**

McGucken objects that anything displayed on the Wayback Machine has not been properly authenticated and is hearsay. McGucken's Evid. Objections at ¶¶ 5, 6. McGucken's authentication objection is misplaced: Triton not only provides a screenshot of the Wayback Machine's results, but also a link to the archives of Triton's website. *See* Adli Decl. ¶ 11. In this district, the contents of web pages available through the Wayback Machine are generally proper subjects of judicial notice "as facts that can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned[.]" *See UL LLC v. Space Chariot Inc.*, 250 F. Supp. 3d 596, 604 n.2 (C.D. Cal. 2017) (collecting cases). McGucken's authentication objection is therefore **OVERRULED**. The Court takes judicial notice of the archived Triton webpages because they "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(2).

McGucken's hearsay objection also fails. Triton offers archives of its website available through the Wayback Machine for the limited purpose of showing the contents of the website on those days. This is not a statement at all, and thus falls outside the ambit of the hearsay rule. *See Abu-Lughod v. Calis*, No. CV 13-2792-DMG (RZx), 2015 WL 12746198, at *3 (C.D. Cal. May 20, 2015) (denying a motion *in limine* seeking to exclude evidence obtained from the Wayback Machine as hearsay). McGucken's hearsay objection is therefore **OVERRULED**.

### C. Other Websites

McGucken objects to Triton's screenshots of websites making the Photograph available "for free" on the basis that (1) statements contained therein are hearsay, (2) the websites have been improperly authenticated, and (3) it is irrelevant. McGucken's Evid. Objections at ¶¶ 8-15. But Triton does not offer these websites for their truth, *i.e.*, to show that the Photograph lacks copyright protection or can be used "for free." Rather, Triton offers screenshots of these websites to show that the Photograph is widely available on the internet and not only available through McGucken's Flickr page. Triton's counsel authenticates his screenshots of the webpages in a declaration attached to Triton's Opposition. Finally, the Court finds the evidence relevant for the limited purpose of showing that the Photograph is not only available on McGucken's Flickr page, where a copyright notice is displayed, but is also available elsewhere on the Internet unaccompanied by a copyright notice. McGucken's objections are therefore **OVERRULED**.

### III.
### LEGAL STANDARD

Summary judgment should be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *accord Wash. Mut. Inc. v. United States*, 636 F.3d 1207, 1216 (9th Cir. 2011). Material facts are those that may affect the outcome of the case. *Nat'l Ass'n*

*of Optometrists & Opticians v. Harris*, 682 F.3d 1144, 1147 (9th Cir. 2012) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986)). A dispute is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248.

The moving party bears the initial burden of establishing the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the moving party has met its initial burden, Rule 56(c) requires the nonmoving party to "go beyond the pleadings and by her own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" *Id.* at 324 (quoting Fed. R. Civ. P. 56(c), (e)); *see also Norse v. City of Santa Cruz*, 629 F.3d 966, 973 (9th Cir. 2010) (*en banc*) ("Rule 56 requires the parties to set out facts they will be able to prove at trial."). "In judging evidence at the summary judgment stage, the court does not make credibility determinations or weigh conflicting evidence." *Soremekun v. Thrifty Payless, Inc.*, 509 F.3d 978, 984 (9th Cir. 2007). "Rather, it draws all inferences in the light most favorable to the nonmoving party." *Id*.

## IV.
## DISCUSSION

McGucken seeks summary adjudication as to Triton's liability for infringement and Triton's willfulness, and requests an award of attorneys' fees.

**A.  Liability**

"To prove copyright infringement, a plaintiff must demonstrate (1) ownership of the allegedly infringed work and (2) copying of the protected elements of the work by the defendant." *Unicolors, Inc. v. Urban Outfitters, Inc.*, 853 F.3d 980, 984 (9th Cir. 2017) (quoting *Pasillas v. McDonald's Corp.*, 927 F.2d 440, 442 (9th Cir. 1991)). McGucken must establish the absence of disputed facts as to both ownership and copying to prevail at summary judgment.

### 1. Ownership

It is McGucken's burden to prove his copyright ownership in the Photograph. *Flesicher Studios, Inc. v. A.V.E.L.A., Inc.*, 654 F.3d 958, 962 (9th Cir. 2011). A certificate of registration of a copyright "made before or within five years after first publication of the work . . . constitute[s] prima facie evidence of the validity of the copyright." 17 U.S.C. § 410(c). When the plaintiff presents such evidence, the burden shifts to the defendant to "rebut[] the facts set forth in the copyright certificate." *United Fabrics Int'l, Inc. v. C&J Wear, Inc.*, 630 F.3d 1255, 1257 (9th Cir. 2011).

McGucken has produced a copyright registration that he declares under penalty of perjury covers the Photograph. Triton attempts to rebut McGucken's *prima facie* showing of validity in two ways. First, Triton contends that McGucken registered the Photograph more than five years after it was taken. Second, Triton argues that McGucken's copyright registration might not cover the Photograph, but could instead cover another of McGucken's photographs.

Triton points to the "taken on" date on McGucken's Flickr page for his picture of his gallery exhibition as evidence that the exhibition occurred on or before January 1, 2011. McGucken's copyright registration is dated January 23, 2018. Triton therefore claims there remains a triable issue of material fact as to whether McGucken registered the Photograph within five years of its first publication.

As discussed above, the Court has sustained McGucken's evidentiary objection to Triton's reliance on the "taken on" date to show the picture of the exhibition was taken in 2011. But even if Triton's evidence were admissible, it would be irrelevant, because the registration of a copyright more than five years after first publication does not render the registration *invalid*. Later registration does not even strip the registration of its presumption of validity. Rather, later registration merely places within the discretion of this Court the "evidentiary weight" due to the registration. *See* 17 U.S.C. § 410(c).

Here, in addition to his registration, McGucken has attached a declaration stating he created the Photograph. McGucken Decl. ¶ 3 [Doc. # 19-1]. Triton does not dispute that

McGucken is the creator of the Photograph, nor does it argue that the Photograph is unoriginal or does not otherwise qualify for copyright protection. Indeed, although Triton argues that McGucken's registration is not entitled to the presumption of validity, it is not clear from Triton's opposition in what way Triton contends McGucken's registration is invalid. In any event, McGucken has met his burden to show ownership: his declaration, together with his registration, establishes his ownership of the Photograph even without allowing the registration the presumption of validity.

Triton does speculate that the Photograph may not, in fact, be the photograph entitled *Dirt Road Running West, Malibu Canyons* for which McGucken registered his copyright. But the only basis for Triton's speculation is that McGucken posted the Photograph on his Flickr page with a caption that is not "Dirt Road Running West, Malibu Canyons," and posted a different picture on his Flickr page with the caption "Malibu Canyons California Dirt Road Sunset!," which Triton asserts is closer to *Dirt Road Running West*. This mere speculation does not rebut McGucken's uncontroverted evidence in his declaration that the Photograph is the same photo for which he registered his copyright as of January 23, 2018. Although the photograph deposited with the U.S. Register of Copyrights with McGucken's registration is not before the Court (Triton asserts it has requested the deposit copy from the Register of Copyrights but has not yet received it), McGucken is not required to attach the deposit copy to his MSJ to prove his ownership. Where—as here—there is no real dispute that McGucken holds a valid copyright, there is, again, no need to rely on the presumption of validity. McGucken has therefore established the absence of disputed facts as to his ownership of the Photograph.

**2.  Copying**

The second element of a copyright infringement claim, copying, may be established by showing the defendant (1) had access to the work, and (2) the two works are "substantially similar" in idea and expression. *Three Boys Music Corp. v. Bolton*, 212 F.3d 477, 481 (9th Cir. 2000). There is no doubt here that Triton copied McGucken's Photograph. It is uncontroverted that Patel found the Photograph on Google, saved it, and

added an image of a car. McGucken has therefore established the absence of disputed fact as to Triton's copying of the Photograph.

Because McGucken has established that there is no dispute of material facts regarding either McGucken's ownership or Triton's copying of the Photograph, the Court **GRANTS** McGucken's MSJ as to liability.

**B.      Willfulness and Triton's Innocent Infringer Defense**

A defendant found liable for copyright infringement is liable for either actual damages or statutory damages. *See* 17 U.S.C. § 504(a). Statutory damages can range from $750 to $30,000 damages for all infringements, "as the court considers just." *Id*. at § 504(c)(1). If a court finds infringement was committed willfully, the court has discretion to increase the statutory damages award beyond $30,000, to not more than $150,000. 17 U.S.C. § 504(c)(2). If the infringer proves that he "was not aware and had no reason to believe that his or her acts constituted an infringement of copyright," the court has discretion to reduce the statutory damages to not less than $200. 17 U.S.C. § 504(c)(2). McGucken moves for summary adjudication of Triton's willful infringement of his copyright. Triton, on the other hand, maintains its innocent infringer defense.[11]

"[T]o prove willfulness under the Copyright Act, the plaintiff must show (1) that the defendant was actually aware of the infringing activity, or (2) that the defendant's actions were the result of reckless disregard for, or willful blindness to, the copyright holder's rights." *Unicolors*, 853 F.3d at 991 (alteration in original) (quoting *Wash. Shoe Co. v. A-Z Sporting Goods Inc.*, 704 F.3d 668, 674 (9th Cir. 2012)). "[E]vidence that notice had been accorded to the alleged infringer . . . is perhaps the most persuasive evidence of willfulness." *Wash. Shoe*, 704 F.3d at 674 (quoting *Chi-Boy Music v. Charlie Club, Inc.*, 930 F.2d 1224, 1227 (7th Cir. 1991)). A determination as to willfulness generally requires "an assessment of a party's state of mind," a factual issue that is usually inappropriate for

---

[11] Triton does not discuss any of its other affirmative defenses in its Opposition. The Court therefore deems Triton's defenses to liability waived, although Triton may pursue affirmative defenses that go to damages at trial.

summary judgment. *Friedman v. Live Nation Merchandise, Inc.*, 833 F.3d 1180, 1186 (9th Cir. 2016).

As discussed *supra*, there is no serious dispute that Triton infringed McGucken's copyright in the Photograph. But Triton has introduced evidence to show its infringement was not willful. It is uncontroverted that Patel does not remember from what site he downloaded the Photograph. Still, it is likewise uncontroverted that there was no watermark or copyright insignia on the Photograph and it was readily downloadable without restrictions, and that Patel understood such markings to be the signal that a work is protected by copyright. These facts tend to show that Patel was unaware that his actions constituted copyright infringement. Although McGucken disputes the reasonableness of this belief, and points to Patel's resume (which shows that Patel is a successful businessman) as evidence that Patel must have known his actions constituted infringement, the reasonableness of Patel's subjective belief remains subject to dispute.[12]

In addition, after McGucken sent a cease-and-desist letter, Patel removed the Car Picture from Triton's homepage. Although the Car Picture is still available as an image archive—and is likely still "displayed" on Triton's website for purposes of the Copyright Act, *see Bell v. Wilmott Storage Services, LLC*, 12 F.4th 1065, 1073 (9th Cir. 2021)—Patel's swift efforts to remove the image from the homepage tend to show that Patel did not act in reckless disregard of the possibility that his use constituted infringement.[13]

Triton has established a dispute of material fact as to whether its infringement of McGucken's copyright was willful or that of an innocent infringer. The Court therefore **DENIES** McGucken's MSJ as to Triton's willfulness.

---

[12] At the hearing on the MSJ, McGucken pointed to the Ninth Circuit's holding in *Unicolors* to urge this Court to grant McGucken's MSJ as to willfulness. *See Unicolors*, 853 F.3d at 992 (reasoning "a finding of willful infringement does not require a showing of actual knowledge; a showing of recklessness or willful blindness is sufficient"). But the Ninth Circuit's holding in *Unicolors*, in which the court affirmed a jury verdict on willfulness against a clothing retailer with more than 500 stores worldwide, was factually and procedurally distinct from this case. *See id.* at 991.

[13] The fact that the Photograph is *still available* on Triton's website, even after the filing of the MSJ, may be evidence to the contrary.

### D. Attorneys' Fees

McGucken also moves for summary adjudication as to his entitlement to attorneys' fees. McGucken's motion is premature. The question of Triton's willfulness remains a disputed question of material fact, as do the facts of Triton's innocent infringer defense. As McGucken points out, willfulness "is an important factor" in determining the appropriateness of a fee award under the Copyright Act. *See Hist. Rsch. v. Cabral*, 80 F.3d 377, 379 (9th Cir. 1996). The Court therefore **DENIES** McGucken's MSJ as to attorneys' fees without prejudice.

## V.
## CONCLUSION

In light of the foregoing, McGucken's MSJ is:

1. **GRANTED** as to liability;
2. **DENIED** as to willfulness; and
3. **DENIED** without prejudice as to attorneys' fees.

**IT IS SO ORDERED.**

DATED: March 21, 2022

_____
DOLLY M. GEE
UNITED STATES DISTRICT JUDGE